UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORLEANS SHORING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3380** |
| **JEREMY PATTERSON** | **SECTION "D"(1)** |

**ORDER AND REASONS**

Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 10) filed by the defendant, Jeremy Patterson. Plaintiff, Orleans Shoring, LLC, filed memoranda in opposition to which Defendant replied. (Rec. Docs. 15, 17 and 19). The motion, set for hearing on Wednesday, March 9, 2011, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record and the applicable law, the court finds that the motion should be GRANTED for reasons set forth below.

BACKGROUND

On October 7, 2010, Orleans Shoring, LLC (Orleans Shoring) a Louisiana limited liability company with its principal place of business in Jefferson Parish filed a complaint for breach of contract and for damages against defendant, Jeremy Patterson (Patterson), alleging upon information and belief that he is a citizen of Washington County, Iowa for purposes establishing jurisdiction under 28 U.S.C. § 1332. Complaint (Rec. Doc. 1). Plaintiff's factual allegations are that the Patterson is in breach of a "Non-Compete Agreement," which was entered to preclude him competing and soliciting customers in Orleans, Jefferson, St. Tammany,

1

St. Bernard, St. Charles and Plaquemines Parishes for a period of two (2) years following the termination of his employment with Orleans Shoring. *Id.* at ¶¶ 6-7.

After having been served in Iowa pursuant to Louisiana's Long-Arm Statute, Patterson filed the subject motion to dismiss, alleging that he is a Louisiana domiciliary for jurisdictional purposes and was at the time suit was filed in October, 2010. In this regard, defendant attests that, long before suit was filed, he and his wife (Tonya Faye Patterson) made the decision to purchase a home and reside in Louisiana permanently. Patterson attests:

1. He specializes in structural moving and building relocation and raising services.
2. After Hurricane Katrina, there arose a strong demand for those services and he began performing numerous projects in the New Orleans area.
3. As he was spending a great deal of time in the area, he and his family began utilizing a house owned by colleagues in Chalmette, Louisiana.
4. In July 2010, he and his wife, Tonya Faye Patterson, made the decision to move to Louisiana permanently.
5. At that time, they purchased a house in Slidell, Louisiana and involved their children in a home-schooling group and other activities.
6. In August 2010, Ms. Patterson organized a Louisiana limited liability company, Patterson Structural Moving and Shoring, L.L.C. The company successfully applied for a Louisiana contractor's license and performs moving and shoring services in the New Orleans area.
7. Although he is originally from Iowa, he now considers Louisiana his home.

Declaration of Jeremy Patterson (Rec. Doc. 10-2).

Plaintiff's response in opposition includes an affidavit sworn by defense counsel's paralegal attesting that her research revealed, the following: (1) St. Tammany Parish land records establish that Patterson did not purchase a home in Slidell in July, 2010; (2) St. Tammany Parish Assessor's records confirm that Patterson is not assessed with and has not paid parish property tax; (3) Patterson is not a registered voter although his wife did register to vote on December 10, 2010 (after suit was filed); (4) Louisiana Secretary of State's records show that Tonya Patterson

owns the company (Patterson Structural Moving and Shoring), however, the records do not mention Jeremy Patterson at all; (5) Said Louisiana company obtained its residential license on September 16, 2010 [before suit was filed] and its commercial license thereafter on October 25, 2010; (6) Louisiana Licensing Board for Contractors' records show Ms. Patterson and not the defendant as a qualifying party for licenses; (7) Louisiana White Pages only shows a listing for Ms. Patterson and not the defendant at 204 Amanda Drive in Slidell, Louisiana; (8) Washington County, Iowa Assessor's Office records show that defendant is the owner of a one-story frame house located in Washington, Iowa; (9) Iowa's Secretary of State's records contain the Articles of Incorporation of Patterson Structural Moving, Inc. and indicate the Defendant as its Director; (10) Iowa's White Pages show two listing for the defendant in Washington, Iowa; (11) Iowa Secretary of State's records show that Defendant is registered to vote in Iowa; and (12) the website of *Jeremy Patterson House Moving, Inc.* states that "We are headquartered in the Midwest and have a second location in the Southeast to serve the Gulf Coast region." *See* Plaintiff's Opposition (Rec. Doc. 15); Plaintiff's Supplemental Opposition and Affidavit of Carla F. Sharp (Rec. Doc. 17 and 17-1).

In reply, Patterson objects to online records and telephone conversations referred to in plaintiff's supporting affidavit as "rank hearsay." Defendant highlights that plaintiff has not even attempted to conduct any jurisdictional discovery and notes that, what little plaintiff has submitted, is insufficient. Patterson explains via Second Affidavit that: (1) he and his wife acquired and took possession of 204 Amanda Drive, Slidell, Louisiana on July 14, 2010 pursuant to a "bond for deed" with Angela Bates Smith and Darrell H. Smith, which arrangement was recommended by their closing agent since the Patterson's were unable to qualify for a loan; (2)

3

monthly payments for said property are made to the Smiths via escrow agent until the purchase price is paid in full, at which time title to the property will be transferred; (3) he executed a Trust Agreement (attached), an Act of Sale which is being held in trust pending final payment and there is also a multiple indebtedness mortgage (also attached) which was recorded in the Jefferson Parish mortgage records as Instrument No. 1777486; (4) since closing, he and his wife have continued to reside in the Slidell, Louisiana home, assumed responsibility for all taxes, homeowners' association dues and utility bills; (6) he and his wife have no plans to reside elsewhere; (7) he spends the vast majority of nights in the family's home in Slidell; and (8) he has not taken the time to register to vote, but that, even as a citizen of Iowa, he rarely voted.

## ANALYSIS

Federal courts are courts of limited subject matter jurisdiction and as such are precluded from entertaining a suit unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). Pursuant to Article III, § 2 of the Constitution and 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction ("diversity jurisdiction") in all civil actions where the amount in controversy exceeds $75,000, and the suit is between citizens of different states. For diversity jurisdiction purposes, citizenship in a particular state is established when a natural person is 1) a citizen of the United States, and 2) a domiciliary of that state. *Coury*, 85 F.3d at 248. The citizenship of a party at the commencement of the action is controlling for purposes of determining diversity jurisdiction. *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir.1985).

The party seeking to invoke the court's diversity jurisdiction must "distinctively and affirmatively allege" each party's citizenship and these allegations must show that no plaintiff is a citizen of the same state as any defendant, *i.e.*, the parties are completely diverse. *See*

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir.2000); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action in federal court. *Coury*, 85 F.3d at 248 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984); 1 J. Moore, Moore's Federal Practice S 0.71[5.-1] (1996)). Failure to adequately establish diversity of citizenship as a basis for subject matter jurisdiction mandates dismissal of the claim. *Stafford*, 945 F.2d at 804-05; Fed. R. Civ. P. 12(h)(3); *see* C. Wright, Federal Courts 24 (4th ed. 1983).

In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties. *See, e.g. Jones v. Landry*, 387 F.2d 102 (5th Cir.1967); 1 J. Moore, Moore's Federal Practice § 0.74[1] (1996). The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction. *See Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081 (5th Cir.1975).

In the instant case, Plaintiff, who has invoked diversity jurisdiction, has the burden of establishing that it is diverse in citizenship from Defendant. It is undisputed that Plaintiff is a Louisiana citizen, therefore, it has the burden of showing that *Defendant* is a citizen of a state other than Louisiana. However, Louisiana happens to be the state where defendant currently resides and resided at the time of the commencement of this suit. Because complete diversity is necessary, the failure of the Plaintiff to demonstrate that the defendant actually resides in a state other than Louisiana will necessitate dismissal of this suit for lack of subject matter jurisdiction.

Defendant has adduced sufficient evidence indicative of his move to Louisiana with the

intent to remain there as a Louisiana domiciliary at least as of July 14, 2010, when he and his wife purchased a home in Slidell, Louisiana, albeit a "bond for deed" sale.  Patterson's wife and children, with whom he resides, are undoubtedly Louisiana domiciliaries based upon the record evidence.  Indeed, Patterson is employed by the Louisiana corporation that his wife owns.  The evidence supports Patterson's Declarations that, back in July 2010, they jointly made the decision to remain in Louisiana as domiciliaries, including the acquisition of a home, enrolling the children in home-schooling group in Slidell and founding a business here in Louisiana, all of which occurred prior to October 7, 2010, the day suit was filed.

Whether Patterson has made the time to register to vote in Louisiana is not determinative. Additionally, plaintiff has cited no jurisprudence supporting its suggestion that the defendant's failure to either divest himself of property or a business interests owned in another state is determinative.

With few exceptions, state citizenship for diversity purposes is synonymous with domicile.  *Coury*, 85 F.3d at 249.  One's domicile is generally established by having a physical presence in a state with an intention to remain there indefinitely.  *See id.* at 250.  Plaintiff has failed to carry its burden of proof by convincing the court that Patterson's domicile was not in Louisiana at the time suit was filed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 10) is hereby GRANTED.

The Clerk of Court is directed to enter judgment accordingly.

New Orleans, Louisiana, this 11th day of March, 2011.

_____
A. J. McNAMARA
UNITED STATES DISTRICT JUDGE